# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A. OWEN SMITH, III, an individual, and WILLIAM HENRY SMITH, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-17-631-R |
| ROBERT OAKLEY BROWN, an individual, VALLEY TRANSP. SERV., INC., a foreign for-profit corp., and GREAT WEST CAS. CO., a foreign for-profit corp., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. Doc. 7. Defendants have responded. Doc. 8. Finding that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), the Court will DENY Plaintiffs' Motion.

This negligence case comes to the Court on removal from the District Court of Kay County, Oklahoma. Plaintiffs, who filed this action against Defendant Valley Transportation and one of its drivers, seek damages for injuries sustained during a March 2016 accident on an interstate highway in northern Oklahoma. Plaintiffs' vehicle allegedly collided with the cargo that Defendants had been transporting after the cargo became unsecured and was released onto the highway. Defendants removed this case on June 6, 2017, citing diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs' Motion to Remand

argues that no diversity jurisdiction exists because the Complaint expressly seeks damages up to, but not more than, the amount-in-controversy limit under § 1332(a).

Diversity jurisdiction under § 1332(a) requires that complete diversity exist between plaintiffs and defendants and that the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy is simply "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). On a motion to remand, the removing party has the burden of proving that the action has been properly removed. *Hart v. Wendling*, 505 F.Supp. 52, 53 (W.D. Okla. 1980). The removing party therefore "must prove facts in support of the amount in controversy by a preponderance of the evidence." *McPhail*, 529 F.3d at 953 (10th Cir. 2008) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). But, and perhaps confusingly, this "preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself[;] what the proponent of jurisdiction must 'prove' is contested factual assertions." *Id*. (alterations omitted). This is because "jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact'." *Id*. at 954.

So in proving these contested factual assertions, the removing party may rely on, among other things, affidavits, interrogatories or admissions in state court, and calculations from the complaint's allegations. *Id*. Indeed, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith'." *Marchese v. Mt. San Rafael Hosp.*, 24 Fed.Appx. 963, 964 (10th Cir. 2001) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)); *see also St. Paul Mercury Indem. Co.*

*v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum deemed by the plaintiff controls if apparently made in good faith."). Once the party asserting federal jurisdiction has done that, the "*St. Paul Mercury* standard comes to the fore"—that is, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *McPhail,* 529 F.3d at 954. In a sense, then, the burden shifts to the party seeking remand, who must then prove to a legal certainty that the amount in controversy is less than $75,000.

Here, the parties disagree over whether Plaintiffs have pled damages of more than $75,000 that would satisfy § 1332(a)'s amount-in-controversy threshold. Their dispute centers on the twelfth and thirteenth paragraphs of Plaintiffs' Petition from state court:

> 12. That as a direct and proximate result of Defendant's acts and omissions, both Plaintiffs suffered bodily injuries, suffered pain of body and mind, and incurred expenses for medical attention for said injuries, with general and special damages totaling $75,000.
>
> 13. Additionally, Plaintiffs sustained damage to and/or loss of their property, thereby rendering Defendant responsible for the attorneys' fees and costs associated with the pursuit of said property damage claims.

Doc. 7, Ex. 1, at 2.

The dispute, then, is as straightforward as this: Plaintiffs contend that they seek $75,000—no more, no less—in damages. As evidence, they point to their Petition's prayer, which seeks "judgment [in] the amount of $75,000.00, plus court costs, pre-judgment interest, post-judgment interest, attorneys' fees and costs and all other damages and remedies." Doc. 7, Ex. 1, at 2. Defendants, though, believe Plaintiffs in fact seek more than

$75,000 because in addition to that amount, they seek additional sums for property damages.

While Defendants have the better argument, that is not clear from the face of Petition. At a minimum, Plaintiffs seek $75,000 in general and special damages for injuries deriving from bodily injuries and pain and suffering. But they also seek something else: "attorneys' fees and costs associated with the pursuit of [their] property damage claims." *Id*. Put simply, whether the amount in controversy exceeds $75,000 hinges solely on whether Plaintiffs' attorneys' fees for pursuing property damage claims need be included in calculating the amount in controversy requirement. Fortunately for Defendants, they must.

To clarify, not all attorneys' fees must be included when calculating the amount in controversy; in fact, they "may only be used as part of the [amount in controversy] calculation where the plaintiff has a right to them because it has claimed them under an applicable statute in its complaint." *Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co*., 198 F. Supp. 2d 1280, 1284 (D. Kan. 2002). Here, Plaintiffs do not offer any particular statute that would entitle them to attorneys' fees if successful. Yet their failure to do so does not mean such a statute does not exist. Indeed, it does:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, *the prevailing party shall be allowed reasonable attorney's fees*, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.
> 
> Okla. Stat. tit. 12, § 940 (emphasis added).

In other words, if Plaintiffs are successful in pursuing their property damage claims, Oklahoma law entitles them to attorneys' fees. This statutory right means that the amount of attorneys' fees is included in the amount in controversy requirement. Because by including attorneys' fees Plaintiffs will recover more than $75,000.00 if successful, the Court must assume jurisdiction unless Plaintiffs prove to a legal certainty that the amount in controversy is only $75,000 or less. Plaintiffs have not, and the Court must therefore DENY Plaintiffs' Motion to Remand.

IT IS SO ORDERED this 12th day of July 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE