IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A. OWEN SMITH, III, an individual, and WILLIAM HENRY SMITH, an individual | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17-CV-631-R |
| ROBERT OAKLEY BROWN, an individual, VALLEY TRANSPORTATION SERVICE, INC., a foreign for-profit corporation, and GREAT WEST CASUALTY COMPANY, a foreign for-profit corporation | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Valley Transportation Service, Inc.'s ("VTS") Motion for Partial Summary Judgment. Doc. 16. This case arises out of a March 5th, 2015 motor vehicle accident between Defendant Robert Oakley Brown, a semi-trailer truck driver, and Plaintiffs, the driver and passenger of a Ford F-250 that allegedly collided with items fallen from Brown's truck. Defendant VTS argues that—because it stipulated in its Answer that Defendant Brown was acting as VTS's agent at the time of the accident, Doc. 1-3, at 2—Plaintiffs cannot maintain separate claims against Defendant for *respondeat superior* ("vicarious liability") and directly negligent training and supervision because the direct negligence claims are superfluous. Defendant therefore requests partial summary judgment on Plaintiffs' direct negligence claims. Plaintiffs respond that the claims are not superfluous and Defendant's reliance on the Oklahoma Supreme Court's *Jordan v. Cates* decision is misplaced. Defendant's Motion is GRANTED.

1

## I. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.*

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In short, the Court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. While the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party, *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–713 (10th Cir. 2014), "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. At the summary judgment stage, the Court's

role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

## II. Discussion

The Court sits in diversity and applies Oklahoma substantive law. Defendant is entitled to summary judgment on Plaintiffs' claims for negligent training and supervision based on the Oklahoma Supreme Court's *Jordan v. Cates* decision. 935 P.2d 289 (Okla. 1997).

### A. *Jordan*'s Scope

*Jordan* concerned a store visitor who brought a battery action against the store's employee, a vicarious liability claim against the employer, and negligent hiring and retention claims against the employer. 935 P.2d at 290. The employer stipulated that "the harm-dealing altercation occurred during the course of Cates' employment and that employer would stand liable for damages (including punitive damages) if Cates was found guilty of battery." *Id.* at 292. Granting partial summary judgment for the employer on the negligent hiring and retention claims, the court held that "where the employer stipulates that liability [exists] under the *respondeat superior* doctrine . . . any other theory for imposing liability on the employer [is] unnecessary and superfluous." *Id.* at 293.

Plaintiffs unpersuasively read *Jordan* narrowly to apply only to intentional tort cases. They argue that "if [the *Jordan* court] intended to create the broad substantive rule indicated by Defendant, [it could] have done so explicitly." Doc. 17, at 3. *Jordan* did not expressly concern vicarious liability for negligence as in this case, but the court did seem to contemplate it: "Our holding today is limited to those situations where the employer stipulates that liability, *if any*, would be under the *respondeat superior* doctrine, thereby

3

making any other theory for imposing liability on the employer unnecessary and superfluous." 935 P.2d at 293 (emphasis added). Using Plaintiffs' logic, *Jordan* could have limited summary judgment to situations where the employer stipulates that liability *for an intentional tort* would apply vicariously. It didn't—instead the court used the phrase, "if any." Additionally, the court discussed vicarious and direct liability as alternative theories to litigate simultaneously only when defendants contest agency, unlike this case with Defendant's stipulation. *See id.* at 292–94. Otherwise, it would be illogical to hold an employer that has already stipulated to agency "directly liable for negligent acts, but not intentional acts, of an employee with a recorded history of violence." *Davis-Pashica v. Two Buds Trucking, LLC*, No. 16-CV-257-GKF-FHM, 2017 WL 2713332, at *1 (N.D. Okla. Jan. 5, 2017); *see Bryson v. Sierra Metals, Inc.,* No. CIV-12-839-C, 2013 WL 1397826, at *1 (W.D. Okla. Mar. 25, 2013) (describing the distinction between intentional torts in *Jordan* and negligence cases as "artificial").

Plaintiffs' reliance on *Jordan*'s syllabus is also unpersuasive. In Oklahoma, "the syllabus is the law of the case" and must be "strictly construed." *Eckels v. Traverse*, 362 P.2d 683, 686 (Okla. 1961). *Jordan*'s syllabus references a "harm-dealing altercation," which implies an intentional tort. *Jordan*, 935 P.2d at 290. However, it must be construed "in light of circumstances of the case," which requires looking to the case's underlying rationale. *Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV-11-1203-D, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 3, 2012) (citing *Eckels*, 362 P.2d at 686). *Jordan* concerned whether a direct liability claim was superfluous to a vicarious liability claim. Similarly herein, Defendant stipulated to vicarious liability, meaning that Plaintiffs would

4

not be able to recover additional damages from their negligent training and supervision claims. Plaintiffs respond exclusively with inapt precedent and fail to offer a logical distinction between *Jordan* and this case. Therefore, *Jordan*'s broader holding controls.

### B. Subsequent Precedent

Plaintiffs first rely on "an outlier case," *Ramiro v. J.B. Hunt Transport Services, Inc., and Steven Bernard Augustine*, to support their narrow interpretation. *Davis-Pashica*, 2017 WL 2713332, at *1 (citing *Ramiro*, No. CIV-04-1033-M (W.D. Okla. April 8, 2005)). *Ramiro* confronted similar allegations of employee negligence and direct employer negligence arising from a semi-trailer truck accident. The court narrowed *Jordan*'s scope to bar summary judgment on plaintiff's negligent training and supervision claims. This conclusion belies the vast weight of authority to the contrary. *See, e.g.*, *Huntley v. City of Owasso,* 497 F. App'x 826, 834 (10th Cir. 2012) ([I]n Oklahoma these [negligent hiring, training, and supervision] claims are available only when vicarious liability is *not* established.") (citing *Jordan*, 935 P.2d at 293); *Hall v. Chang Soo Kang*, No. CIV-16-1101-HE, 2017 WL 2414916 (W.D. Okla. June 1, 2017); *Isso v. W. Exp., Inc.*, No. CIV-14-109-R, 2015 WL 4392851, at *2 (W.D. Okla. July 15, 2015)*; Fisher v. National Progressive, Inc.,* No. CIV-12-853-C, 2014 WL 7399185, at *2 (W.D. Okla. Dec. 29, 2014); *Dowuona–Hammond v. Integris Health,* No. CIV-10-965-C, WL 134923, at *3 (W.D. Okla. Jan.14, 2011) ("Because there is vicarious liability there can be no negligent hiring, retention, or supervision claim."); *Henderson v. Choctaw Cnty. City of Hugo Hosp. Auth.,* No. CIV-09-125–KEW, 2010 WL 2104670, at *4 (E.D. Okla. May 25, 2010).

Moreover, *Ramiro*'s analysis of the plaintiff's negligent maintenance claims is inapplicable. Unlike negligent supervision and training claims, an employer's stipulation to agency would not render superfluous a claim that the employer failed to properly maintain a truck; a jury could find the employer liable without finding the individual driver—who is not responsible for truck maintenance—liable.

Second, Plaintiff is incorrect that *Sheffer v. Carolina Forge Co., L.L.C.*, 306 P.3d 544 (Okla. 2013) represents the Oklahoma Supreme Court's "current trend away from *Jordan*." Doc. 17, at 6–7. *Sheffer* implied a limited exception to *Jordan* regarding negligent entrustment claims. *See Sheffer*, 306 P.3d at 550 ("Liability for negligent entrustment arises from the *act of entrustment,* not the relationship of the parties. . . . As such, when an employer provides an employee with a vehicle, whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis."). This case concerns negligent training and supervision, not entrustment. Since *Sheffer*, no court has applied its logic to bar summary judgment on superfluous negligent training or supervision claims, including those Plaintiffs inaptly cite. *See, e.g.*, *Hunter v. New York Marine & General Insurance Company, et al.*, No. CIV-16-1113-W (W.D. Okla. Jan. 18, 2017); *Gordon v. St. James Transports, L.L.C.*, No. CIV-16-1327-F (W.D. Okla. Jan. 13, 2017); *Anaya v. Hutto & Jerry McClure Trucking, Inc.*, No. CIV-16-1030-HE (W.D. Okla. Dec. 5, 2016); *Fisher v. National Progressive, Inc.,* No. CIV-12-853-C, 2014 WL 7399185, at *2 (W.D. Okla. Dec. 29, 2014).

Third, Plaintiffs' "numerous" conflicting cases actually support partial summary judgment for Defendant in this case. Doc. 17, at 7–8. In both *Hunter v. New York Marine*

& General Ins. Co., et al. and *Anaya v. Hutto & Jerry McClure Trucking, Inc.*, the court dismissed negligent hiring, retention, and supervision claims, and not the negligent entrustment claim impacted by *Sheffer*. *See* No. CIV-16-1113-W (W.D. Okla. Jan. 18, 2017); No. CIV-16-1030-HE (W.D. Okla. Dec. 5, 2016). Conversely, Plaintiffs do not allege negligent entrustment in this case. *Gordon v. St. James Transports, L.L.C.* is also inapplicable because ruling on a motion to dismiss, the court reasoned that "the *Jordan* issue is best determined at a later stage with the benefit of an evidentiary record." No. CIV-16-1327-F (W.D. Okla. Jan. 13, 2017). The defendant had also only stipulated to agency in a single brief, not in its responsive pleading as appropriate. *Id.*

### III. Conclusion

Defendant VTS demonstrates that there is no genuine dispute as to any material fact regarding Plaintiffs' negligent training and 'supervision claims. Given Defendant's agency stipulation, Plaintiffs cannot recover any additional compensatory or punitive damages by maintaining negligent training and supervision claims, thereby rendering them superfluous. Courts have also near unanimously applied *Jordan* to support partial summary judgment in this case. Thus, weighing facts and reasonable inferences in favor of Plaintiffs, the Court concludes that *Jordan*'s holding—"where the employer stipulates that liability [exists] under the *respondeat superior* doctrine . . . any other theory for imposing liability on the employer [is] unnecessary and superfluous—warrants partial summary judgment for Defendant on Plaintiffs' negligent training and supervision claims. *Jordan*, 935 P.2d at 293. Defendant VTS's Motion for Partial Summary Judgment is therefore GRANTED.

IT IS SO ORDERED this 25th day of September, 2017.

David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE